**NOT FOR PUBLICATION**                                                                 **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SHAILA SHAH AND NORMA
ORTIZ-RODRIGUEZ, on behalf of
themselves and the putative class,

        Plaintiffs,                                       Civil Action No. 09-00622 (JAP)

        v.                                               **OPINION**

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS BANK, FSB
and AMERICAN EXPRESS CENTURION
BANK,

        Defendants.

---

PISANO, District Judge.

    Plaintiffs Shaila Shah and Norma Ortiz-Rodriguez on behalf of themselves and a putative class brought this action against Defendants American Express Co., American Express Bank, FSB and American Express Centurion Bank for violation of the Truth in Lending Act ("TILA") and New Jersey's Truth in Consumer Contract Warranty and Notice Act ("TCCWNA"). Based on Defendants' alleged improper credit card solicitations, Plaintiffs seek injunctive relief, a declaratory judgment, actual damages, punitive damages and statutory damages under TCCWNA. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1332(d)(2)(A) because the matter in controversy exceeds $5,000,000 and is a class action where a member of a class of plaintiffs is a citizen of a state different that any defendant.

1

Presently before the Court is Defendant's Motion to Dismiss the First Amended Complaint based on Federal Rule of Civil Procedure 12(b)(6). The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, the Court grants Defendants' motion to dismiss.

I.      Background

In November 2008, Plaintiff Shah received from Defendants a solicitation and application at her home for an American Express Blue credit card. First Amended Complaint ("FAS") at ¶ 14. Around the same time, Plaintiff Ortiz-Rodriguez received Defendant's solicitation at her home for an American Express JetBlue credit card. *Id*. at ¶ 18. The solicitations stated that late payment fees and overlimit fees would be charged, but failed to specify whether such fees were applicable in New Jersey or what fees were applicable according to New Jersey law. *Id*. at ¶ 17, 21.

On December 29, 2008, Plaintiffs filed an action against the Defendants in the Superior Court of New Jersey. Notice of Removal at ¶ 1. On February 10, 2009, Defendants removed the action to the United States District Court of New Jersey pursuant to 28 U.S.C. §§ 1332(d)(2)(A), 1441 and 1453. *Id*. at ¶ 3. In their First Amended Complaint, Plaintiffs allege that the solicitations received constitute written notices under TILA and that such notices failed to meet the requirements of the regulation, i.e., failure to disclose that late payment and overlimit fees vary from state to state, failure to disclose New Jersey's fees and failure to disclose terms in a clear and conspicuous way. FAS at ¶ 53-55. Plaintiffs seek injunctive relief prohibiting future violations under TILA and TCCWNA, a declaratory judgment that Defendants violated TCCWNA and TILA, actual damages, punitive damages, and statutory damages pursuant to N.J. Stat. Ann. § 56:12-17. *Id*. at ¶ B-I. The First Amended Complaint offers no evidence that either

Plaintiff responded to the solicitation in any way—Plaintiffs did not submit an application, open an account with American Express, use the credit card issued or pay any of the related fees.

## II. Discussion

### a. Motion to Dismiss Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Refashioning the appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

### b. Legal Analysis

The issue presented is whether Plaintiffs have stated a valid claim under TILA and TCCWNA. TILA requires that creditors provide certain enumerated disclosures in connection with any application or solicitation for credit card accounts. 15 U.S.C. § 1637(c) (2000).

However, TILA places restrictions on who is permitted to bring a private action to enforce 15 U.S.C. 1637(c) by providing that

> [i]n connection with the disclosures referred to in subsection (c) or (d) of 15 U.S.C.S. 1637, a card issuer shall have liability under this section only to a cardholder who pays fees described in section 1637(c)(1)(a)(ii)(I) or section 1637(c)(4)(A)(i), or who uses the credit card or charge card.

15 U.S.C. § 1640(a)(2)(B)(4). Thus, "claims cannot be maintained by persons who have not paid a fee or used the credit card in question." *Muro v. Target Corp.*, 250 F.R.D. 350, 354 n.4 (N.D. Ill. 2007). Here, Plaintiffs have failed to provide any evidence that they opened the American Express credit cards in question or paid any of their fees. Therefore, Plaintiffs cannot maintain a claim under TILA based upon the alleged facts of their complaint. Plaintiffs in fact concede in their opposition to Defendant's motion to dismiss that they are not seeking any relief under TILA for any violations.

Without a valid claim under TILA, Plaintiffs attempt to bring a cause of action for TILA violations under New Jersey's TCCWNA. The TCCWNA provides that

> [no] seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any established legal right of a consumer or responsibility of a seller, lessor, creditor or lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows or bails any money, property or service which is primarily for personal, family or household purposes.

N.J. Stat. Ann. § 56:12-15. "Any person who violates the provisions of this act shall be liable to the *aggrieved consumer* for a civil penalty of not less than $100.00 or for actual damages, or

4

both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J. Stat. Ann. § 56:12-17 (emphasis added).

In question here is the interpretation of the phrase "aggrieved consumer." Plaintiffs' claim depends on TCCWNA's language of "aggrieved consumer" encompassing an "aggrieved <u>prospective</u> consumer." There is no support, however, in the statutory language, legislative history or case law that supports this interpretation. Consistent with traditional canons of statutory construction, the court's analysis begins with the plain language of the statute. *Miah v. Ahmed*, 846 A.2d 1244, 1249 (N.J. 2004). "In the absence of contrary legislative intent, 'such language should be given its ordinary meaning.'" *Id*. When the meaning of the statutory language is clear and unambiguous, the court's duty is to enforce the statute as written. *Id*. The plain language of TCCWNA only grants a remedy to aggrieved consumers and not to aggrieved "prospective consumers." TCCWNA creates a violation where a creditor in the course of its business offers a consumer or prospective consumer any notice which violates any federal or state law provisions. However, liability under TCCWNA only attaches for the creditor when there are actual "aggrieved" consumers. There is no language in the statute to indicate that the legislature intended to expand the scope of liability and create a remedy for "aggrieved prospective consumers." In fact, the statute clearly defines a consumer to be an "individual who buys, leases, borrows or bails any money, property or service which is primarily for personal, family or household purposes."

Furthermore, there is no legislative history of TCCWNA which would permit an alternative statutory interpretation. Advocating an expansive construction of the statute, Plaintiffs argue that the legislative intent of the term "consumer" was to encompass all those "in the course of business." Plaintiffs claim that if the legislature's intent had been to limit the scope

5

of the term "consumer," then the term would have been expressly restricted. However, it would be just as logical to presume that the legislature intended to limit TCCWNA by restricting the remedy simply to aggrieved consumers. Hence, without contrary legislative intent, the term consumer should be given its ordinary meaning.

The limited case law on TCCWNA also supports this statutory interpretation. In *Barrows v. Chase Manhattan Corp.*, 465 F. Supp. 2d 347 (D.N.J. 2006), the court dismissed the plaintiff's claim under TCCWNA pursuant to Rule 12(b)(6) because the plaintiff did not qualify as a consumer. Plaintiff had brought a TCCWNA claim against attorneys who handled the foreclosure of her home and allegedly charged excess legal fees and costs. *Id*. at 352. Since the plaintiff never bought, leased, borrowed or bailed any services from the defendant, the court found that the plaintiff did not constitute a consumer under TCCWNA. *Id*. at 363.

Here, Plaintiffs Shah and Ortiz-Rodriquez have not alleged facts in their First Amended Complaint which would qualify them as consumers. There is no evidence that Plaintiffs in any way responded to the Defendants' solicitation, opened a credit card account, used the credit card or at any time were subject to the card's fees. Without allegations that Plaintiffs were consumers who bought, leased or borrowed any money, property or services from the Defendants, the Plaintiffs do not have a claim as an aggrieved consumer under TCCWNA. Consequently, the Plaintiffs' TCCWNA claim must be dismissed for failure to state a claim.

Defendants also argue that Plaintiffs' claims under the TCCWNA are preempted by TILA. Since the Plaintiffs have failed to state a claim under TCCWNA pursuant to Rule 12(b)(6), the preemption issue need not be addressed at this time.

**III.     Conclusion**

For the reasons set forth above, the Defendants' motion to dismiss is granted. All claims in Plaintiffs' complaint are dismissed pursuant to the Defendants' motion. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO<br>United States District Judge

Date: September 30, 2009